ARTHUR v. SIMMONS & WILLIAMS CONST. CO.

5-1626                                                    315 S. W. 2d 926

Opinion delivered July 1, 1958.

[Rehearing denied September 29, 1958.]

*Paul K. Roberts,* for appellant.

*John H. Kimberly,* for appellee.

SAM ROBINSON, Associate Justice. This is a workmen's compensation case. Chester Arthur, the employee, was working as a laborer for Simmons & Williams Construction Company. On the 25th day of September, 1956, Arthur was pushing a wheelbarrow loaded with sand, when he felt a pain in his leg and his leg became swollen. He was totally disabled for a period of eight weeks, and in addition to the eight weeks period, he claims a 5 per cent partial permanent disability to a portion of his leg. He filed his claim with the Workmen's Compensation Commission. At a hearing before the referee he contended that his disability was due to having rolled the wheelbarrow across an electric line lying on the ground, thereby receiving an electrical shock. His claim for compensation was denied by the referee and at a hearing before the full commission he made

the additional contention that if the condition of his leg was not due to having received an electrical shock it was due to a strain he received while pushing the wheelbarrow. The commission denied compensation on the ground that there is no substantial evidence that claimant's disability was due to an injury received in the course of his employment. The claimant appealed to the circuit court and there the court allowed compensation for total disability for a period of eight weeks but disallowed the claim for 5 per cent partial permanent disability. The claimant has appealed to this court from the order of the circuit court disallowing the claim for 5 per cent partial permanent disability to his leg, and the employer has cross-appealed from the action of the court in allowing compensation for eight weeks total disability.

We have examined the record carefully and it is our conclusion that there is substantial evidence to support the commission's finding that employee's disability was not the result of an accidental injury received in the course of his employment. The evidence is substantial to sustain the finding by the commission that on the day in question the appellee, a man 38 years of age, accustomed to doing hard work, was pushing a wheelbarrow when suddenly he felt a pain in one of his legs; that upon examination it was found that the leg was swollen; he was immediately taken to a doctor, and there was a diagnosis of "hemorrhage into calf of left leg" — "no history of accident obtained." About a month later the employee went to another doctor and there was a diagnosis of "rupture of deep blood vessels of the calf of the leg." The doctor stated: "At the present time there seems to be no vascular impairment in the extremity. I would anticipate with the passing of time that the patient will make a recovery from this injury. I do not anticipate that he will have a significant degree of permanent partial disability. I do not feel that his disability will be in excess of 5 per cent as related to the left leg below the knee." There is no showing that the doctor ever saw the employee again, and on the date of the hearing the employee was working again for a

construction company, earning $1.40 per hour, whereas on the date of the alleged accident he was working for a construction company and earning only $1.00 per hour.

The evidence is substantial to the effect that the employee received no electrical shock whatever, and there is no evidence that he was otherwise acidentally injured. He was merely pushing a wheelbarrow loaded in the usual and customary manner, when suddenly he felt a pain in his leg. It appears that this condition of his leg was caused by a ruptured blood vessel or an "avulsion of muscle fibers in the calf group." There is no evidence whatever that this condition was caused by the work the claimant was doing at the time. There is no evidence as to what causes a rupture of blood vessels in the leg or the avulsion of muscles. We have many times held that if there is any substantial evidence to support the finding of the commission it must be affirmed on appeal.

Affirmed on appeal; reversed on cross-appeal.